■ In the Matter of MEGAN L.G.H. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; THERESA G., Appellant. [932 NYS2d 372]—

The Family Court's determination that the mother neglected the child was supported by a preponderance of the evidence. A "[n]eglected child" is defined by the Family Court Act as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [the] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i] [B]). The petitioner established, by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]), that the mother's conduct, which included being intoxicated and in possession of a knife and marijuana, placed the child in imminent danger of impairment of her physical condition (*see* Family Ct Act § 1012 [f]; *Nicholson v Scoppetta*, 3 NY3d 357 [2004]; *Matter of Kevin M.H. [Kenneth H.]*, 76 AD3d 1015 [2010]). Accordingly, the Family Court properly found that the mother neglected the child. Rivera, J.P., Eng, Belen and Austin, JJ., concur.